IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD LENARD KELLEY, #269481, :

    Plaintiff, :

vs. : CIVIL ACTION 10-0615-KD-M

CITY OF PRICHARD, et al., :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is barred by the two-year statute of limitations.

I.  First and Second Amended Complaints (Docs. 4, 13).

The First Amended Complaint is a superseding Amended Complaint that Plaintiff was ordered to file because his original Complaint was on an outdated complaint form. (Docs. 1, 3). Subsequently, Plaintiff filed a Second Amended Complaint. (Doc. 13). Plaintiff names as Defendants Lieutenant Major Marvin Whitfield, Corporal Daniel Stubbs, and Lieutenant Lanell Alverez,

officers with the Police Department of Prichard, Alabama. (Docs. 4, 13).

The following is a description of Plaintiff's allegations. On March 2, 2007, Plaintiff was arrested by Defendants Whitfield, Stubbs, and Alverez when they acted on an anonymous tip, "'a black male driving a Jeep Cherokee' that 'possibly' might have some marijuana in it." (Doc. 4 at 4). The arrest occurred approximately twenty miles outside of Prichard, their jurisdiction, near I-10 and Grand Bay Wilmer Road in Grand Bay, Alabama. (Id.). Mobile County Sheriff's Deputy Bryant Myles was "directed" to make the stop or assist in the stop. (Id. at 5). After Plaintiff made a turn off Old Pascagoula Road to McSweeney Lane in Grand Bay, he was stopped and not free to go as he was placed in the back seat of a police car. (Id. at 4-5). The "officer(s) of Prichard Police Dept. beg[a]n violating [Plaintiff's] rights to be free from harassment, intimida[tion] an interrogat[ion] . . . as provided for in the 4th, 5th, 6th, an[d] 14th Amend. of U.S. Const. which le[]d to an illegal search and seizure, arrest, indictment set forth by the basic faction [sic] of no jurisdiction." (Id. at 5). Defendant Alverez drove Plaintiff's vehicle to the Prichard Police Department, instead of having it towed, which Plaintiff alleges to be an illegal search and seizure of the vehicle. (Id. at 6).

At the suppression hearing on March 11, 2008, before Mobile County Circuit Court Judge Woods,[1] Deputy Myles testified that Plaintiff made an illegal turn off Old Pascagoula Road to McSweeney Lane in Grand Bay without using his turn signal. (Id. at 5). However, Plaintiff complains that he was not issued a traffic citation for that violation but for driving with a suspended driver's license. (Id.). At the hearing, the State maintained that Plaintiff consented to the search. (Id. at 6). Plaintiff contends that the State failed to prove that he gave his consent for his vehicle's search, that he was advised that he did not have to consent to the search, and that he was informed of his Miranda rights. (Id.). The State is alleged to have relied on double hearsay with one officer stating that another officer stated that Plaintiff gave his consent, as there was no documentation. (Id.). Furthermore, "the officers who relat[ed] such consent [did] not appear in court or testify." (Id.).

Plaintiff claims, in a conclusory manner, that the officers took "un-lawful, illegal, and arbitrary actions" in violation of the Fourth Amendment (id. at 5), and that they subjected him to "malicious prosecution and malicious abuse of process of an

---

[1] It is not clear based on the allegations whether there was one suppression hearing or two suppression hearings. See Doc. 4 at 5, 6. The Court is treating the allegations as describing one hearing. For the purpose of this Report and Recommendation, it is not necessary to determine the number of suppression hearings.

3

unlawful search and seizure[.]" (Id. at 6).  Plaintiff also asserts that Defendants intended to keep him from exercising his rights and to deprive him of a fair trial for the purpose of obtaining a conviction.  (Id. at 7).

In response to the complaint form's questions, Plaintiff indicates that he was convicted of trafficking marijuana on May 7, 2008, for which he received a ten-year sentence which was split, with him serving three years of incarceration and three years on probation.  (Id. at 9).  When the complaint form asked Plaintiff to describe a specific claim against each Defendant, he expressed a nearly identical claim against each Defendant, to-wit:

> False arrest to an unlawful restraint to incarceration by no-jurisdiction 20-miles out of municipalities.
>
> On March 2, 2007, officers of Prichard Police Dept. acting on [an] anonymous tip travel[ed] some 20 – miles out of [their] municipalit[y] to further restrain[], ha[]rass, intimidate, and interrogate plaintiff which le[]d to an un[]lawful search and seizure of his vehicle and arrest without jurisdiction at Old Pascagoula Rd. and McSweeney Lane in Grand Bay, Ala.

Doc. 4 at 5-6.  For relief, Plaintiff requests damages and release.  (Id. at 7, 10).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the First and Second Amended Complaints (Docs. 4, 13)

4

under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement'

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke, 490 U.S. 319, 109 S.Ct. 1827, was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

5

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 129 S.Ct. 1937. Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Analysis.

    A.   Statute of Limitations' Bar.

Plaintiff's claims against Defendants can be described as false arrest and false imprisonment claims. These causes of action are defined by the decision in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

> False arrest and false imprisonment overlap; the former is a species of the latter . . . .

> We shall thus refer to the two torts together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is <u>detention without legal process</u> . . . .
>
> . . . .
>
> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u>-when, for example, he is bound over by a magistrate or arraigned on charges . . . . If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.

<u>Id.</u> at 388-90, 127 S.Ct. at 1095-96 (quotations and citations omitted).

The <u>Wallace</u> Court needed to resolve when the claims ended so the beginning of the limitation period could be determined, that is, when the statute of limitations began to run. <u>Id.</u> at 389, 127 S.Ct. at 1096. Relying on the traditional rule of accrual, the Court held that "the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages . . . . even though the full extent of the injury is not then known or predictable." <u>Id.</u> at 391, 127 S.Ct. at 1097 (quotation marks and citation omitted). Under this rule "[accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and

7

obtain relief[.]" Id. at 388, 127 S.Ct. at 1095 (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (quotation marks and citation omitted)).

In Wallace the plaintiff was arrested without a warrant. After the appeal of his conviction was successful and the prosecutor declined further prosecution, he filed a § 1983 action for his false arrest and false imprisonment. Id. at 387, 127 S.Ct. at 1094. The Court ruled that "on a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, [the statute of limitations] begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397, 127 S.Ct. at 1100. The claims in Wallace were determined to be barred by the statute of limitations because the plaintiff filed his action more than two years after he was held pursuant to legal process. Id. & Id. at 390 n.3, 127 S.Ct. at 1096 n.3 (observing that his action could have been filed at the moment he was falsely arrested).

When a § 1983 cause of action accrues is a question of federal law. Id. at 388, 127 S.Ct. at 1095. And it accrues when "the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." Salas v. Pierce, 297 F.App'x 874, 877 (11th Cir. 2008) (quotations marks and citations omitted)

8

(unpublished).[3]  However, the period of time in which the action must be filed is determined by state law.  Wallace, 549 U.S. at 387, 127 S.Ct. at 1094.  In Alabama the statute of limitations for filing a § 1983 action is two years.  Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

In the present action, Plaintiff states that he was arrested on March 2, 2007, but does not specify when he was held pursuant to legal process, i.e., when he was "bound over by a magistrate," arraigned, or process issued.  Even though the precise date is not available, Plaintiff identifies the date of March 11, 2008, when Judge Wood conducted a suppression hearing and the date of May 7, 2008, when he was convicted of marijuana trafficking.  At these points in his criminal proceeding, Plaintiff's detention would have been pursuant to legal process.  See ALA.R.CRIM.P. 4.3 (Procedure on Arrest);[4] Collins v. Selva, 2011 WL 1545740, at *2 (M.D. Ala Mar. 23, 2011) (dismissing as frivolous the false arrest/false imprisonment claims as barred by the statute of limitations even though no date for the institution of legal

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

[4] Pursuant to ALA.R.CRIM.P. 4.3(a)(1)(iii), a defendant detained on a warrantless arrest is required to receive a probable cause hearing within forty-eight hours.

process was given because an inference of more than a year could not be sustained by the allegations, citing ALA.R.CRIM.P. 4.3(a)(1)(iii)) (unpublished), adopted, 2011 WL 1545453 (M.D. Ala. Apr. 25, 2011); Burgest v. McAfee, 264 F.App'x 850, 852 (11th Cir.) (assuming, in its affirmance of the dismissal of the plaintiff's false imprisonment claim as time-barred, that the claim accrued the day after the arrest when an arrested person is required under Florida law to receive legal process, i.e., be taken before a judicial officer within twenty-four hours) (unpublished), cert. denied, 129 S.Ct. 489 (2008). And Plaintiff would have known of these claims well before his trial, and at the latest, at the suppression hearing. See Salas, 297 F.App'x at 877-78 (finding that the plaintiff knew of his claims for arrest without probable cause, for failure to be provided with discovery documents, and for failure to be told by the court about his appeal rights on or before sentencing as they should have been apparent to him).

Using the dates of the suppression hearing of March 11, 2008, and the trial date of May 7, 2008, the Court finds that Plaintiff's claims accrued more than two years before he filed this action on November 8, 2010. (Doc. 1). Thus, Plaintiff's claims in this action against Defendants based on his arrest and detention are barred by the two-year statute of limitations.

B. <u>Inapplicability of the Heck Decision</u>.

The Court notes that the decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994),[5] is not applicable to this action because the statute of limitations bars Plaintiff's claims. <u>Burgest</u>, 264 F.App'x at 852-53 (finding that the false imprisonment claim was barred as it was not filed within the statute of limitations from when it accrued and <u>Heck</u> did not toll the accrual of his claim); cf. <u>Evans v. Poskon</u>, 603 F.3d 362, 363 (7th Cir. 2010) ("<u>Wallace</u> holds that a claim that accrues before a criminal conviction may and usually must be filed without regard to the conviction's validity [and] a claim asserting that a search or seizure violated the fourth amendment . . . accrues immediately.").

However, if Plaintiff had timely filed this action, the decision in <u>Heck</u> would have to be considered. If a ruling on Plaintiff's damages claims would have the effect of invalidating his conviction, then timely-filed false arrest and false imprisonment claims would be stayed until his conviction is

---

[5]In <u>Heck</u>, the Supreme Court held that a state prisoner could not bring a damages claim under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487, 114 S.Ct. at 2372. If it would, then the complaint must be dismissed unless the plaintiff can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u>

11

invalidated. Kato, 549 U.S. at 394, 127 S.Ct. at 1098; Evans, 603 F.3d at 363.

Furthermore, because the statute of limitations is a complete bar to Plaintiff's claims, a discussion of Plaintiff's request for release is not required. Nonetheless, the Court observes that Plaintiff cannot gain his release in this § 1983 action. Considering that Plaintiff's claims challenging his arrest and detention relate to his conviction for trafficking marijuana and that he seeks release from incarceration, Plaintiff's request for release is in the nature of a habeas corpus claim which must be brought in a habeas corpus action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that "claims which challenge the validity of the claimant's conviction or sentence and seek release [] are simply not cognizable under § 1983" because they are in the nature of habeas corpus claims).

IV. Conclusion.

Knowing of no other reason that the two-year statute of limitations should not be applied to Plaintiff's claims for false arrest and false imprisonment against Defendants Whitfield, Stubbs, and Alverez, the Court concludes that these claims are barred by the two-year statute of limitations for a § 1983 action and are due to be dismissed as frivolous with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th

Cir. 1990) (finding that a claim that is barred by the statute of limitations warrants dismissal as frivolous).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 19th day of September, 2011.

                  s/BERT W. MILLING, JR.
                  UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

13

objecting party shall submit to the district judge, at
the time of filing the objection, a brief setting forth
the party's arguments that the magistrate judge's
recommendation should be reviewed <u>de novo</u> and a
different disposition made.  It is insufficient to
submit only a copy of the original brief submitted to
the magistrate judge, although a copy of the original
brief may be submitted or referred to and incorporated
into the brief in support of the objection.  Failure to
submit a brief in support of the objection may be deemed
an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.